## JEFFERSON v STATE OF FLORIDA

Case No. 88-593-AC-A (County Court Case No. 87-5174-MM-A)

Eighteenth Judicial Circuit, Brevard County

March 19, 1989

### APPEARANCES OF COUNSEL

**Doris Landis Raskin,** Assistant Public Defender, for appellant.

**Stephen A. Baker,** Assistant State Attorney, for appellee.

Before ANTOON, JOHNSON, WOODSON, JJ.

### OPINION OF THE COURT

JOHN ANTOON, II, Circuit Judge.

Appellant, Albert Jefferson, appeals his convictions for the offenses of Fleeting or Attempting to Elude a Police Officer (Fla. Stat. § 843.02 [1987]) and Obstructing or Opposing an Officer Without Violence (Fla. Stat. § 316.1935 [1987]). Only one issue has been adequately preserved for appellate review and that is whether conviction for both crimes constitutes double jeopardy, and a violation of appellant's rights under the 5th Amendment to the United States Constitution and Article I,

28

Section 9 of the Florida Constitution. We find these rights were violated and reverse the conviction for Fleeing or Attempting to Elude a Police Officer.

On April 23, 1987, two police officers observed Jefferson driving his automobile in Titusville, Florida. They testified that they knew there was an active warrant for Jefferson's arrest. As they followed appellant for a distance of two blocks, he drove faster and ran a posted stop sign before stopping and exiting his automobile. As officers then pulled up, they told Jefferson he was under arrest. The officers attempted to handcuff Jefferson, who scuffled with them and then fled on foot. He was later arrested and convicted of both Fleeing or Attempting to Elude a Police Officer and Obstructing or Opposing an Officer Without Violence. It appears that Jefferson was convicted of two criminal offenses based upon the single act of running from the officers after he exited his automobile.

In deciding the issue before us we rely on the test provided in *Carawan v State*, 515 So.2d 161 (Fla. 1987). First we must determine whether there is clear, discernible legislative intent to impose multiple punishments for the act of running from the officers under both statutory provisions. If such intent exists, we need not go further. The second step, if necessary, is to determine whether the statutory offenses charged are separate as described in *Blockberger v United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Finally, even if the offenses are separate, we must consider Florida's rule of lenity.

Nowhere do we find a clearly stated legislative intent to punish Jefferson's running from the officers under both Section 843.02 and Section 316.1935, Florida Statutes (1987), so the "Blockberger" rule must be considered. This is a rule of construction which requires an analysis of statutory language. The rule has been codified by the Florida Legislature in Section 775.021(4), Florida Statutes (1987). Simply stated, the rule provides that if each offense requires proof of a fact that the other does not, the offenses are presumed to be separate.

The elements of Obstructing or Opposing an Officer Without Violence, Section 843.02, Florida Statutes (1987) are:

1. Defendant obstructed or opposed the victim.

2. At the time the victim was engaged in the lawful execution of a legal duty.

3. At the time the victim was an officer. The elements of Fleeing or Attempting to Elude a Police Officer, Section 316.1935, Florida Statutes (1987) are:

**29**

1. Defendant was operating a motor vehicle upon a street or highway in Florida.

2. A duly authorized police officer directed the defendant to stop or remain stopped.

3. The defendant, knowing he had been directed to stop by a duly authorized police officer

   a) Willfully refused to remain stopped as directed.

   b) Willfully *fled* in an attempt to elude the police officer, after having stopped.

Section 316.1935 requires proof of facts which are not required by Sections 843.02, to wit: 1) That the defendant was operating a motor vehicle on a street or a highway in Florida, and 2) that the defendant had been directed to stop. Section 843.02, on the other hand, does not require proof of a fact not required in Section 316.1935. These offenses therefore are presumed not to be separate and multiple punishments are improper in the absence of express legislative authorization. *Carawan*, 515 So.2d at 167. No such legislative intent exists.

Even if the "Blockberger" rule were not resolved in favor of the defendant and we were required to apply the rule of lenity, the result would be the same. When the offenses are separate pursuant to the "Blockberger" rule, there is a presumption that multiple punishments are authorized unless a contrary intent exists. *Carawan*, 515 So.2d at 168. Where there is a basis for concluding that such contrary intent exists, then the "rule of lenity" is applied. Section 775.021, Florida Statutes (1987) is a codification of Florida's common law rule of lenity and provides:

"The provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused." Thus, if there is a question as to whether the legislature intends multiple punishments for the same offense, this question should be resolved in favor of the defendant. Although there is no legislative history available regarding Section 316.1935, it appears that both sections address the same evil, to wit: failure to submit to lawful authority. Since there is no contrary intent expressed, it is most reasonable to conclude that the legislature did not intend that the appellant suffer multiple punishments for fleeing a police officer. His conviction for Fleeing or Attempting to Elude a Police Officer is therefore reversed. REVERSED AND REMANDED. JOHNSON, Jr., Clarence T.; WOODSON, J. William, Judges, concur.